[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14863
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00117-TJC-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE ERIC THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 19, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Dwayne Thompson appeals his conviction for possession of a firearm by a

convicted felon. 18 U.S.C. § 922(g)(1). Thompson challenges the sufficiency of

the evidence and the denial of his motion to exclude letters that he wrote to his girlfriend. We affirm.

Thompson argues that the United States failed to prove that he knowingly possessed a firearm, but we disagree. Terrika Kemp, Thompson's girlfriend, testified that Thompson had been carrying a handgun in the waistband of his pants for ten days before officers discovered a loaded Glock .40 caliber pistol concealed under the driver's seat of a vehicle Thompson had been driving. Kemp's testimony established that Thompson was in constructive possession of the gun. See United States v. Wright, 392 F.3d 1269, 1273–74 (11th Cir. 2004). Thompson argues that Kemp's testimony is not credible because she gave earlier inconsistent statements about Thompson's guilt, but the jury credited Kemp's testimony. "Assessing the credibility of one witness is within the jury's exclusive province," id. at 1274, and Kemp's testimony was not so fantastic or incredible as to "be 'unbelievable on its face,'" United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) (quoting United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985)). The United States also introduced recordings of admissions by Thompson about Kemp's knowledge of his guilt and letters in which Thompson sought to dissuade Kemp from testifying against him. Thompson's "attempts to influence a

witness" evidenced a "consciousness of guilt" on his part.  United States v. Hammond, 781 F.2d 1536, 1540 (11th Cir. 1986).

Thompson also argues that the letters he wrote to Kemp were not disclosed in compliance with Federal Rule of Criminal Procedure 16, but we disagree.  That rule requires that the United States disclose a written statement that is "within [its] possession, custody, or control."  Fed. R. Crim. P. 16(a)(1)(B)(i).  When the prosecutor learned about the letters on the eve of trial, he immediately forwarded the evidence to defense counsel.  See United States v. Cannington, 729 F.2d 702, 712 (11th Cir. 1984).

Even if we assume that the prosecutor violated Rule 16, the admission of the letters was not an abuse of discretion.  The exclusion of relevant evidence is an "extreme sanction," United States v. Turner, 871 F.2d 1574, 1580 (11th Cir. 1989), reserved for an egregious violation of Rule 16, see United States v. Euceda-Hernandez, 768 F.2d 1307 (11th Cir. 1985), which did not occur here.  The late disclosure did not affect Thompson's substantial rights.  Turner, 871 F.2d at 1580.  Thompson could not have been surprised by the content of the letters that he had written to Kemp, and the district court offered Thompson several options short of excluding the evidence to eliminate any possible prejudice caused by the late disclosure.  The district court offered to grant Thompson a mistrial, to

continue the trial, and to allow him to plead guilty and receive a reduced sentence for accepting responsibility, but Thompson rejected those alternatives. The district court did not abuse its discretion by denying Thompson's motion to exclude.

We **AFFIRM** Thompson's conviction.